BERNICE BOUIE DONALD, Circuit Judge,
dissenting.
The majority acknowledges that ineffective assistance of appellate counsel can excuse a procedural default. It accepts that failure to convey a plea bargain offer in these circumstances would constitute ineffective assistance of trial counsel. It even admits that Shelton’s claim of ineffective assistance of trial counsel “may have been significant.” (Op. at 314). Yet the majority refuses even to grant Shelton an evidentia-ry hearing to explore his troubling accusations because, in its view, he “has not made any allegations that his appellate counsel knew or should have known about the facts underlying” his ineffective assistance of trial counsel claim (Op. at 315). Since the record indicates otherwise, I must respectfully dissent.
Taken as a whole, the record does contain an allegation that Shelton’s appellate counsel could have known that his trial counsel withheld the plea offer. The majority itself cites the plea colloquy in state court and acknowledges that the transcript should have put appellate counsel on notice that there was a plea offer (Op. at 315). In a supplemental filing, Shelton argues that investigating “trial counsel’s file may have confirmed for appellate counsel the offer’s unilateral rejection.” (Appellate R. 37 at 2).
Without citation to authority, the majority claims that this allegation fails to meet the standard for granting an evidentiary hearing because it was based on pure speculation and not made under oath. (Op. at 316). However, under the Supreme Court’s standard for granting an evidentiary hearing the majority cited merely sentences earlier in the opinion, (Op. at 315); Schriro, 550 U.S. at 474, 127 S.Ct. 1933, Shelton qualifies. Schriro held that an evidentiary hearing is appropriate when the hearing would allow a petitioner to prove his factual allegations true, and those allegations would entitle him to ha-beas relief. Schriro, 550 U.S. at 474, 127 S.Ct. 1933. At no point does Schriro say that the allegations must have been made under oath, or that they cannot be based on speculation. If Shelton’s trial counsel in fact withheld a plea deal, he received ineffective assistance of trial counsel. If conducting a reasonable investigation would have informed appellate counsel about a unilateral plea rejection, but he did not conduct such an investigation, Shelton received ineffective assistance of appellate counsel that would excuse a procedural default. Therefore, if Shelton’s allegations are true, he would be entitled to habeas relief.
*317 Ultimately, there is so much we do not know. Since Schriro poses no bar, the wisest course would be to conduct an eviden-tiary hearing. That way, the district court could further develop the factual record to solicit testimony from appellate counsel, trial counsel, and other witnesses. This would allow us to know with greater certainty what appellate counsel knew or did not know, and what really transpired regarding the plea offer. Since today’s ruling forecloses even exploring what I consider to be a plausible habeas claim, I respectfully dissent.